Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50132 | **DATE** | 3/10/2003 |
| **CASE TITLE** | Hamilton vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the attached Report and Recommendation, it is the recommendation of the Magistrate Judge that Plaintiff's Motion for Summary Judgment be denied and the ALJ's decision in this matter be affirmed. It is further recommended that Defendant's Motion for Summary Judgment be granted. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3/7/2003 | |
| | | courtroom | 2003 MAR 10 PM 3:58 | date mailed notice |
| sp | | deputy's initials | | sp |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| SERENE HAMILTON by ) <br> LOUIS HAMILTON, her next friend, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) | Case No. 01 C 50132 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## REPORT AND RECOMMENDATION

Serene Hamilton ("Serene"), by her next friend, Louis Hamilton ("Mr. Hamilton"), her father, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner's final decision denied Serene's application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act (the "Act"). 42 U.S.C. §1382(a)(1)(A). This matter is before the Magistrate Judge for Report and Recommendation pursuant to Rule 72(b) and 28 U.S.C. 636(b)(1)(B).

## BACKGROUND

Serene filed for SSI on August 10, 1998, alleging disability beginning on September 24, 1994. (Tr. 24). Serene's application for benefits was denied on August 17, 1994. (Tr. 29). On October 6, 1998, Serene filed a request for reconsideration. (Tr. 28). Serene's request for reconsideration was denied on January 14, 1999. (Tr. 56). Serene then filed a request for a hearing before an Administrative Law Judge ("ALJ") on February 23, 1999. (Tr. 62). Serene, with her mother and father, appeared without counsel before an ALJ on May 4, 1999. (Tr. 143). In a decision

dated August 4, 1999, the ALJ found that Serene was not entitled to SSI. (Tr. 11). On September 30, 1999, Serene requested a review of the ALJ's decision by the Appeals Council. (Tr. 5-6). On February 20, 2001, the Appeals Council denied Serene's request for review. (Tr. 3).

## FACTS

Serene, five years old at the time of her hearing, (tr. 143), is a young girl suffering from autism. (Tr. 153). However, the present issue does not involve whether Serene is disabled and therefore entitled to disability; rather, the issue is whether Serene's parent's income makes her ineligible for SSI payments under §1611(a)(1)(A) of the Act. (Tr. 11). Therefore, because Serene's medical history or question of disability was not discussed by the ALJ, the Magistrate Judge will not discuss it either but rather focus on the primary issue adjudged by the ALJ.

On May 4, 1999, Serene's mother, Dorothy Hamilton ("Mrs. Hamilton"), testified before the ALJ. (Tr. 145). Mrs. Hamilton testified that, although she was not currently working, she was collecting disability payments, since November 1998, of two thousand dollars a month. (Tr. 149). At the time of the hearing, that was Mrs. Hamilton's only income. Mr. Hamilton, on the other hand, at the time of the hearing, was employed by the United States Postal Service and was receiving approximately two thousand dollars a month in pay. (Tr. 150). Mrs. Hamilton testified that Mr. Hamilton has monthly child support payments from a prior marriage, although she did not know the amount. (Tr. 151). After reviewing the entire file, it appears Mr. Hamilton pays four hundred fifty dollars a month for child support. (Tr. 12).

Even with the money both Mr. and Mrs. Hamilton earn, Mrs. Hamilton testified that she cannot afford to put her daughter through treatment and send her daughter to seminars and other events available to assist autistic children. (Tr. 156). For example, Mrs. Hamilton stated that

2

Serene's Auditory Training[1] alone was one thousand dollars, (tr. 155), and although deemed "experimental," Serene appeared to improving. (Tr. 76)("Since the therapy has been completed, Serene as [sic] been able to attend in classroom group activities. Previous to therapy, Serene could not participate in these activities because it was overstimulating to her and she would tantrum.") Additionally, each speech therapy session, which doctors recommend Serene continue, costs one hundred twenty eight dollars a hour. (Tr. 139). However, Mrs. Hamilton testified that her insurance pays for the speech therapy sessions. (Tr. 153). Mrs. Hamilton testified that all she seeks is enough money to put her daughter through the necessary programs to help give her daughter "the things that she needs." (Tr. 156). Based on Mrs. Hamilton's testimony, there is very little doubt that Mrs. Hamilton cares very much for Serene and seeks every possible treatment to help Serene improve. (Tr. 160)("Without money, my child is lost.")

Without even incorporating Mrs. Hamilton's disability income, the ALJ determined that Mr. Hamilton alone earned more than the allowable amount to be entitled to SSI. Specifically, the ALJ first established that Mr. Hamilton made three thousand one hundred sixty eight dollars and forty five cents ($3,168.45) a month from the United States Postal Service.[2] (Tr. 12). Next, citing §416.1161, the ALJ deducted four hundred fifty dollars ($450.00) from Mr. Hamilton's monthly

---

[1] Auditory training, otherwise known as Auditory Integrative Training ("AIT") is a "controversial" treatment for children suffering from pervasive developmental disorders, dyslexia, hyperlexia, learning disabilities, attention deficit disorders and autism. *See* Dona Chavez, *The Sounds of Success for Disorders*, CHICAGO TRIBUNE, Aug. 13, 1995, at 7. Although the specifics are unknown to the Magistrate Judge, it appears AIT involves "listening to modulated music for 2 ½ hour sessions per day for 10 consecutive days." *Auditory Integrative Training From a Sensory Integrative Perspective*, SENSORY INTEGRATION (American Occupational Therapy Assoc. Inc), Dec. 1994, at 87.

[2] This amount came from Mr. Hamilton. (Tr. 30).

3

income as money Mr. Hamilton paid in alimony, getting two thousand seven hundred eighteen dollars and forty five cents ($2718.45). (*Id.*). Then the ALJ subtracted twenty dollars ($20.00) and sixty five dollars ($65.00) and one-half of the remainder of his income, getting one thousand three hundred sixteen dollars and seventy three cents ($1316.73). $2718.45 - $20.00 = $2,698.45 - $65.00 = $2,633.45 X .50 = $1,316.73. (*Id.*). Next, the ALJ subtracted the Federal Benefit Rate. In 1998 the Federal Benefit Rate was seven hundred forty one dollars ($741.00). (Tr. 13). $1,316.73 - $741.00 = $575.73. The amount left, five hundred seventy five dollars and seventy three cents ($575.73), the ALJ stated, is more than the 1998 Federal Benefit Rate for a single person of four hundred ninety four dollars ($494.00). (*Id.*). Thus, the ALJ found Serene not eligible for SSI. In 1999 the Federal Benefit Rate increased for a couple to seven hundred fifty one dollars ($751.00). (*Id.*). $1,316.73 - $751.00 = $565.75. Even with the increase, Serene still was in excess of the 1999 single Benefit Rate of five hundred dollars ($500.00). (*Id.*). Therefore, as the deemed income in 1998 and 1999 exceeded the single Federal Benefit Rate for Serene, the ALJ found Serene ineligible. (*Id.*).

## ANALYSIS

For the sake of Mr. and Mrs. Hamilton, and Serene, the Magistrate Judge will proceed thoroughly through the applicable regulations so as to provide in detail the correct path taken by the ALJ. Section 416.1100 provides:

> You are eligible for supplemental security income (SSI) benefits if you are an aged, blind, or disabled person who meets the requirements described in subpart B and who has limited income and resources. Thus, the amount of income you have is a ***major factor*** in deciding whether you are eligible for SSI benefits and the amount of your benefit.

20 C.F.R. §416.1100 (emphasis added). Next, because Serene is a child and it is her parents' income which deems Serene ineligible, the Magistrate Judge looks to §416.1165. Section 416.1165, titled *How we deem income to you from your ineligible parent(s)*, provides, in its entirety:

> If you are a child living with your parents, we apply the deeming rules to you through the month in which your reach age 18. We follow the rules in paragraphs (a) through (e) of this section to determine your eligibility. To determine your benefit amount, we follow the rules in paragraph (f) of this section. The rules in paragraph (g) of this section apply to changes in your family situation. Paragraph (i) of this section discusses the conditions under which we will not deem your ineligible parents' income to you if you are a disabled child living with your parents.
>
> > (a) *Determining your ineligible parent's income.* We first determine how much current monthly earned and unearned income your ineligible parents have, using the appropriate exclusions in §416.1161(a).
> >
> > (b) *Allocations for ineligible children.* We next deduct an allocation for each ineligible child in the household as described in 416.1163(b).
> >
> > (c) *Allocations for aliens who are sponsored by and have income deemed from your ineligible parent.* We also deduct an allocation for eligible aliens who have deemed from your ineligible parent as described in §416.1163(c).
> >
> > (d) *Allocations for your ineligible parent(s).* We next deduct allocations for your parent(s). We do not deduct an allocation for a parent who is receiving public income-maintenance payments. The allocations are calculated as follows:
> >
> > > (1) We first deduct $20 from the parents' combined unearned income, if any. If they have less than $20 in unearned income, we subtract the balance of the $20 from their combined earned income.

> > (2) Next, we subtract $65 plus one-half the remainder of their earned income.
> >
> > (3) We total the remaining earned and unearned income and subtract –
> >
> > > (1) The Federal benefit rate for the month for a couple if both parents live with you; or
> > >
> > > (2) The Federal benefit rate for the month for an individual if only one parent lives with you.

20 C.F.R. §416.1165. As the ALJ did, the Magistrate Judge will proceed through §416.1165 as it applies to Serene. First, §416.1165(a) requires a determination of Serene's parents monthly earned and unearned income. In his opinion, the ALJ did not consider Mrs. Hamilton's disability, which may be deemed unearned income, and therefore the Magistrate Judge will just look to Mr. Hamilton's income. Mr. Hamilton, as submitted by him, earns $3,168.45 monthly from the United States Postal Service. (Tr. 30). However, Mr. Hamilton pays $450 a month in child support and under §416.1161(a),[3] this amount is deducted from Mr. Hamilton's earned monthly income.

Next, §416.1165(b) requires a deduction for each ineligible child in the household. Because there does not appear to be any ineligible children in the household, §416.1165(b) does not apply to the instant case. §416.1165(c) requires a deduction for aliens who are sponsored by and have income deemed from Serene's ineligible parent. Like §416.1165(b), §416.1165(c) does not apply to the instant case as there are no aliens living with Serene or her parents.

---

[3] 416.1161(a)(10) provides: "We do not included any of the following types of income of an ineligible spouse or parent: ... (10) Income used to comply with the terms of court-ordered support, or support payments enforced under title IV-D of the Act; ... ."

6

§416.1165(d)(1) first requires a deduction of $20 from Serene's parents' combined unearned income. Because the ALJ only evaluated Mr. Hamilton's income, and because Mr. Hamilton has no unearned income, the $20 is not deducted from Serene's parents' combined unearned income. Rather, as further noted in §416.1165(d)(1), the $20, if not deducted from unearned income, is deducted from Serene's parents' combined income.[4]

§416.1165(d)(2) then requires $65 is subtracted plus one-half the remainder of Serene's parents' earned income. Finally, the amount is totaled and subtracted from the Federal Benefit Rate[5] for a couple because both parents live with Serene. §416.1165(d)(2)(i).

The figures break down as follows:

1. Mr. Hamilton's monthly income is $3,168.45.

2. Mr. Hamilton pays child support. $3,168.45 - $450.00 = $2,718.45

3. $2,718.45 - $20.00 (§416.1165(d)(1)) = $2,698.45

4. $2,698.45 - $65.00 (§416.1165(d)(2)) = $2,633.45

5. $2,633.45 X .50 (or 50%) = $1,316.73

6(a). $1,316.73 - $741.00 (1998 Federal Benefit Rate)[6] = $575.73

7(a). $575.73 - $494.00 = $81.73, which exceeds the Federal Benefit Rate for a single person thus making Serene ineligible.

---

[4] The Magistrate Judge will break down all the deductions at the end of this Report and Recommendation so that the Hamilton's can easily see what deductions were made where. The Hamilton's can also look to the ALJ's opinion which provides a very clear explanation.

[5] See http://www.ssa.gov/statistics/ssi_annual_stat/2001/sect1.pdf (last visited February 25, 2003), Table 1, for past and current Federal Benefit Rates.

7

7(a). $1,316.73 - $751.00 (1999 Federal Benefit Rate) = $565.75

7(b). $565.75 - $500.00 = $65.75, which exceeds the Federal Benefit Rate for a single person thus making Serene ineligible.

As evidenced above, the Magistrate Judge's hands are tied. Although the Magistrate Judge acknowledges Mr. and Mrs. Hamilton's financial difficulty in trying to care for their daughter, the court must follow the regulations and listings as dictated by the Social Security Administration.

## CONCLUSION

For the above mentioned reasons, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion for Summary Judgment be denied and the ALJ's decision in this matter be affirmed. It is further recommended that Defendant's Motion for Summary Judgment be granted. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 3/10/03

8